UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.P. PARNELL, | No. 2:16-cv-1556 MCE CKD P |
| Plaintiff, | |
| v. | ORDER |
| A. MARTINEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court has conducted the required screening of plaintiff's complaint and finds the allegations so vague and conclusory that it fails to state a claim upon which relief can be granted. Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

In order to state a claim upon which relief can be granted under 42 U.S.C. § 1983, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff must allege in specific terms how each named defendant is involved and there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The allegations in plaintiff's complaint at least implicate several Constitutional principles.  In drafting his amended complaint, plaintiff should be aware of the following:

Any challenge to prisoner disciplinary proceedings which resulted in the revocation of good conduct sentence credit must be brought in a petition for writ of habeas corpus and not a 42 U.S.C. § 1983 action unless the revoked sentence credit has been restored.  See Edwards v. Balisok, 520 U.S. 641, 646-47 (1996).

Forcing prisoners to submit to urine testing for drugs generally does not violate the Fourth Amendment.  See Thompson v. Souza, 111 F.3d 694, 701-702 (9th Cir. 1997).

In order to state a cognizable claim for violation of due process with respect to prison conditions, plaintiff must allege facts which suggest he was deprived of a protected liberty interest.  Such liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Connor, 515 U.S. 472, 484 (1995).

Prison officials generally cannot retaliate against inmates for exercising First Amendment rights.  Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).  Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals."  Id. at 532.

The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Prisoners do not have a constitutional right to a prison grievance procedure. Ramirez v. Galazza, 334 F.3d 850, 860 (9th Cir. 2003).

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Furthermore, all allegations against a defendant must be presented within the body of the amended complaint. While plaintiff is free to attach exhibits to his complaint, he cannot simply point to exhibits in order to state a claim upon which relief can be granted.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an

amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: November 23, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
parn1556.14