1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   J.P. PARNELL,                                No.  2:16-cv-1556 MCE CKD P

12              Plaintiff,

13         v.                                     ORDER

14   A. MARTINEZ, et al.,

15              Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18   1983.  On November 23, 2016, the court screened plaintiff's complaint pursuant to 28 U.S.C. §

19   1915A(a).  The court found plaintiff's original complaint failed to state a claim upon which relief

20   can be granted.  The original complaint was dismissed with leave to file an amended complaint

21   and with guidance and instructions as to the contents of the amended complaint.   Plaintiff has

22   now filed an amended complaint.  The court has reviewed the amended complaint and finds that it

23   also fails to state a claim upon which relief can be granted for essentially the same reasons as the

24   original.

25         Good cause appearing, plaintiff will be given one final opportunity to cure the defects in

26   his pleadings.  Plaintiff should review the court's November 23, 2016 order, and the legal

27   principles identified therein, in determining whether he should file a second amended complaint.

28   /////

1

1    If he elects to do so, he must adhere to all instructions given in the order.  Plaintiff is further

2    advised as follows:

3          1.  In order to state a claim for First Amendment retaliation, plaintiff must allege facts

4    showing a causal connection between protected conduct and adverse action.  See Watison v.

5    Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

6          2.  The Eighth Amendment provides protection against "cruel and unusual punishment."

7    With respect to conditions of confinement, only "extreme deprivations" amount to cruel and

8    unusual punishment, not "routine discomfort."  Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

9          3.  Plaintiff's second amended complaint cannot exceed 20 pages.

10   Once again, plaintiff is informed that the court cannot refer to a prior pleading in order to

11   make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

12   complaint be complete in itself without reference to any prior pleading.  This is because, as a

13   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

14   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

15   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

16   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

17   In accordance with the above, IT IS HEREBY ORDERED that:

18         1.  Plaintiff's amended complaint is dismissed.

19         2.  Plaintiff is granted thirty days from the date of service of this order to file a second

20   amended complaint that complies with the requirements of this order, the Civil Rights Act, the

21   Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended

22   complaint must bear the docket number assigned this case and must be labeled "Second Amended

23   Complaint."  Failure to file a second amended complaint in accordance with this order will result

24   in a recommendation that this action be dismissed.

25   Dated:  July 27, 2017

26   _____
     CAROLYN K. DELANEY
27   UNITED STATES MAGISTRATE JUDGE

28   1/parn1556.14(2)

2