UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.P. PARNELL,<br><br>        Plaintiff,<br><br>    v.<br><br>A. MARTINEZ, et al.,<br><br>        Defendants. | No. 2:16-cv-1556 MCE CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court screened plaintiff's original complaint on November 23, 2016. ECF No. 7. The court found that the original complaint failed to state a claim upon which relief could be granted. The court did, however, grant leave to amend and provided plaintiff with the following advice as to the contents of his amended complaint:

> Any challenge to prisoner disciplinary proceedings which resulted in
> the revocation of good conduct sentence credit must be brought in a
> petition for writ of habeas corpus and not a 42 U.S.C. § 1983 action

1

unless the revoked sentence credit has been restored. See Edwards v. Balisok, 520 U.S. 641, 646-47 (1996).

Forcing prisoners to submit to urine testing for drugs generally does not violate the Fourth Amendment. See Thompson v. Souza, 111 F.3d 694, 701-702 (9th Cir. 1997).

In order to state a cognizable claim for violation of due process with respect to prison conditions, plaintiff must allege facts which suggest he was deprived of a protected liberty interest. Such liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995).

Prison officials generally cannot retaliate against inmates for exercising First Amendment rights. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532. The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Prisoners do not have a constitutional right to a prison grievance procedure. Ramirez v. Galazza, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff filed his amended complaint on March 6, 2017 (ECF No. 16) which the court screened on July 27, 2017 (ECF No. 20). The court found as follows:

> The court has reviewed the amended complaint and finds that it also fails to state a claim upon which relief can be granted for essentially the same reasons as the original.
>
> Good cause appearing, plaintiff will be given one final opportunity to cure the defects in his pleadings. Plaintiff should review the court's November 23, 2016 order, and the legal principles identified therein, in determining whether he should file a second amended complaint. If he elects to do so, he must adhere to all instructions given in the order. Plaintiff is further advised as follows:
>
> 1. In order to state a claim for First Amendment retaliation, plaintiff must allege facts showing a causal connection between protected conduct and adverse action. See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).
>
> 2. The Eighth Amendment provides protection against "cruel and unusual punishment." With respect to conditions of confinement, only "extreme deprivations" amount to cruel and unusual

punishment, not "routine discomfort." Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

3. Plaintiff's second amended complaint cannot exceed 20 pages.

Plaintiff's second amended complaint is now before the court for screening. First, the second amended complaint, excluding exhibits, is 50 pages. On March 22, 2018, plaintiff filed a motion for leave to exceed the 20-page limitation established in the court's July 27, 2017 order due to limitations of his typewriter. The motion will be denied as is clear that the second amended complaint would well exceed the page limitation even with standard margins and font size.

In any case, the second amended complaint again fails to state a claim upon which relief can be granted. As with his prior complaints, plaintiff complains about classification levels and housing assignments without pointing to any facts suggesting any condition to which he has been subjected amounts to a violation of the Constitution, e.g. "cruel and unusual punishment" or "atypical and significant hardship." Also, plaintiff asserts these conditions are the result of retaliation. But plaintiff fails to point to facts which reasonably suggest that adverse action was taken against plaintiff by a defendant simply because plaintiff engaged in activities protected under the First Amendment (like submitting complaints through the inmate grievance process).

For these reasons, the court will recommend that plaintiff's second amended complaint be dismissed. Leave to amend a third time should not be granted at this point as that appears futile.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for leave to exceed the 20-page limitation imposed upon plaintiff's second amended complaint be denied.

2. Plaintiff's second amended compliant be dismissed without leave to amend; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 19, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
parn1556.frs